UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DEAN NORDMAN, BY AND THROUGH HIS ATTORNEY IN FACT, HELEN A. NORDMAN | Plaintiff |
| v. | Civil Action No. 3:19-cv-279-RGJ |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, INC., D/B/A THE GOOD SAMARITAN SOCIETY-JEFFERSONTOWN, ET AL. | Defendants |

\* \* \* \* \*

## MEMORANDUM OPINON & ORDER

Plaintiff Dean Nordman, by and through his attorney in fact, Helen A. Nordman, objects [DE 59] to the Magistrate Judge's Order [DE 58] releasing Dean Nordman's guardianship records and ordering the Jefferson County District Court to release a copy of Mr. Nordman's guardianship file to Defendants for limited use during this litigation. [DE 58 at 506]. The Defendant, The Evangelical Lutheran Good Samaritan Society, Inc.'s ("Good Samaritan") filed a response [DE 70] and Plaintiff replied [DE 73]. For the reasons below, the objection [59] is **GRANTED** and the Order [DE 58] is **REVERSED**.

## STANDARD OF REVIEW

The Court referred this case to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) to resolve all non-dispositive matters. [DE 26]. The Magistrate Judge thus resolved Good Samaritan's Motion for Release of Dean Nordman's Guardianship Records [DE 45]. [DE 58, 04/07/21 Order]. A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Magistrate Judge issued her Order on April 7, 2021. [DE 58]. The objection was timely filed the next day. [DE 59].

1

When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). This Court reviews factual findings under the clearly erroneous standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* per curiam, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). This Court reviews the Magistrate Judge's legal conclusions under the contrary to law standard. *Gandee*, 785 F. Supp. at 686. A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.* citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D.Cal.1983).

## DISCUSSION

The issue is whether Good Samaritan may obtain the confidential records from Dean Norman's guardianship preceding in the Jefferson District Court. Good Samaritan argues the records are relevant because Mr. Nordman's experts relied on Mr. Nordman's deposition testimony in forming their opinions, thus making Mr. Norman's capacity relevant. Plaintiff opposes release of the records. The Court must first determine whether it has authority to order the disclosure of the records.

KRS 387.770, explains when and how disability records may be disclosed:

(1) All determinations of disability and orders of appointment, modification, and termination shall be filed as public records with the clerk of the court. All other court records of a respondent made in all proceedings under KRS 387.500 to 387.770 shall be confidential and shall not be open to the general public except as provided in subsection (3) of this section.

(2) Following the dismissal or withdrawal of a petition filed under this chapter or a determination that a respondent is no longer disabled, the respondent may at any

> time move to have all court records pertaining to the proceedings expunged from the files of the court, provided that he submits a full release of all claims arising from the proceedings.
>
> (3) Any person seeking to obtain confidential information contained in the court files or the court records of proceedings under KRS 387.500 to 387.770 may file a written motion stating why the information is needed. The court may issue an order to disclose such information upon a showing that the disclosure is appropriate under the circumstances and in the best interest of the person or the public. The court shall maintain a log of the individuals and entities granted access to the file or records.

Ky. Rev. Stat. Ann. § 387.770 (West). Subsection (1) of the statute makes all records of determinations of records of a respondent made in all proceedings under KRS 387.500 to 387.770 confidential and not open to the public except as provided in Subsection (3). Subsection (2) allows a respondent to move to have all court records pertaining to the proceedings expunged from the files of the court.

Subsection (3) of the statute sets out the procedure for seeking to obtain confidential information in the court files or the court records of proceedings under KRS 387.500 to 387.770. Subsection (3) describes the information as being contained "in the court files or the court records," and requires a written motion be filed. Subsection (3) states that "[t]he court may issue an order to disclose such information . . ." and requires that "[t]he court shall maintain a log of the individuals and entities granted access . . ."

KRS 387.500, cited in Subsection (3) of KRS 387.770, similarly refers to "the court": "[i]f *the court* determines that some form of guardianship or conservatorship is necessary, partial guardianship or partial conservatorship shall be the preferred form of protection and assistance for a disabled person." (emphasis added). The definitions in KRS 387.510 likewise reference "the court." *See* definitions in KRS 387.510 (1)-(5), (16). KRS 387.520 provides that "[t]he District Courts shall have exclusive jurisdiction over all proceedings involving a determination of partial

3

disability or disability, the modification of orders, the appointment and removal of guardians and conservators, and the management and settlement of their accounts." KRS 387.540 through 387.770 continue to reference "the court" throughout. *See, e.g.*, KRS 387.540(1) ("an interdisciplinary evaluation report shall be filed with the court"); KRS 387.550 ("the court shall fix a date and a place for a hearing"); KRS 387.560 ("the court shall appoint counsel for the respondent . . ."); KRS 387.570 ("[t]he court may remove itself to the place of residence of the respondent to conduct the hearing . . .").

Words in a statute are to be given the meaning that proper grammar and usage would assign them, and thus the rules of grammar govern statutory interpretation unless they contradict legislative intent or purpose. *Nielsen v. Preap*, 139 S. Ct. 954, 965, 203 L. Ed. 2d 333 (2019), citing A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts 140* (2012), the "rules of grammar govern" statutory interpretation "unless they contradict legislative intent or purpose," *ibid*. (citing *Costello v. INS*, 376 U.S. 120, 122–126, 84 S. Ct. 580, 11 L.Ed.2d 559 (1964)). The rules of grammar "and usage establish that 'the' is 'a function word . . . indicat[ing] that a following noun or noun equivalent is definite or has been previously specified by context.'" *Id.* (citing Merriam-Webster's Collegiate Dictionary 1294 (11th ed. 2005)); *Work v. United States ex rel. McAlester-Edwards Co*., 262 U.S. 200, 208, 43 S. Ct. 580, 67 L.Ed. 949 (1923) (Congress's "use of the definite article [in a reference to "the appraisement"] means an appraisement specifically provided for").

A plain reading of KRS 387.770(3) suggests that the written motion to obtain confidential information in court files or court records is to be filed in the Kentucky District Court. The statute refers to the "the court," rather than "a court." The statute does not use the indefinite article "a" in describing the court. The use of the definite article "the" restricts the noun "court" that follows,

4

referring to a particular court, not any court in the abstract or general. The Kentucky legislature's use of "the" before "court" means the court specifically provided for, the Kentucky District Court that has exclusive jurisdiction over guardianship proceedings and maintains the confidential records at issue. This is consistent with the use of "the court" in the rest of the Kentucky statutes governing guardianship proceedings, KRS 387.500 to 387.700. This Court thus lacks jurisdiction to grant a request under Subsection (3) of KRS 387.770 to order disclosure of confidential records from a state guardianship proceeding or maintain the log of the individuals and entities granted access to the file or records. That request must be made to the Kentucky District Court, and if granted, that court would maintain a log of the individuals and entities granted access to the file or records.

## CONCLUSION

Accordingly, for the reasons stated above, it is **ORDERED** as follows:

1. Plaintiff's Objection [DE 59] is **GRANTED**;

2. The Magistrate Judge's Order [DE 58] releasing Dean Nordman's guardianship records and ordering the Jefferson County District Court to release a copy of Mr. Nordman's guardianship file to Defendants for limited use during this litigation is **REVERSED**.

Rebecca Grady Jennings, District Judge
United States District Court

August 2, 2021